**MANDATORY FORM PLAN Revised 03/01/2014**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - DAYTON**

Debtor(s)' Name:   Archie and Becky Newsom    :    Case No.

:    Chapter 13

:    Judge

Debtor(s)

# CHAPTER 13 PLAN

☐ Amended Plan

**The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on all adversely effected parties with a twenty-one (21) day notice attached. This Amended Plan may be further amended by Agreed Orders. Parties should check PACER to verify all the terms of the proposed plan as service copies of this Amended Plan may not show highlighted changes. Any changes in treatment (additions or deletions) from the original Plan to this Amended Plan must be highlighted in yellow or typed in red as to the Amended Plan filed at Court.**

**This is the Mandatory Dayton, Ohio Chapter 13 Plan of Reorganization. No deviation of the Plan is allowed pursuant to L.B.R. 3015-1(a)(1) and (2) unless requested by motion for leave to do so.**

**Debtor(s) is/are eligible for discharge under §1328(f) unless otherwise marked below.**

☐ Debtor is not eligible for discharge under § 1328(f)

☐ Joint Debtor is not eligible for discharge under § 1328(f)

You should read this Plan carefully. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral, both real and personal property, securing your claim, by providing for a treatment of your claim contrary to your current status, and/or by setting the interest rate on your claim. The confirmation hearing in this case shall include a valuation hearing pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012. The Court may confirm this case if no objection to confirmation is filed within fourteen (14) days after the §341 Meeting of Creditors is concluded [(L.B.R. 3015-3(a)].

Your rights may be affected by the Plan and upon confirmation you will be bound by the terms of this Plan. You should read the provisions in this Plan carefully (especially the Special Plan Provisions and Non-Standard Provisions of Paragraph 19) to ensure that you protect your rights and understand the provisions of this Plan and file any appropriate response or objection in a timely manner pursuant to the guidelines set forth in this Plan, the L.B.R. or the Bankruptcy Code.

Creditors changing their "Notice" address or "Payment" address must file with the Clerk's Office a Notice of Changed Address in each case the address is changing. A copy of this form is on the Trustee's website at: www.dayton13.com.

If this is a joint case, the estates will be consolidated for administration purposes, 11 U.S.C. §302(b).

**1.    Plan Payment and Length** - Within thirty (30) days of the filing of the Bankruptcy Petition, the Debtor(s) shall pay to the Trustee all projected disposable monthly income in the amount of $ 300.00

(provisions for step plans should be made in paragraph 19.) each month and **the Plan must project for thirty-six (36) - sixty (60) months if Below Median Income and sixty (60) months if Above Median Income, unless 100%, but not to exceed five (5) years.**

☒ **Below Median Income:** Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 36 months in a Below Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of 5.00 % to each allowed pre-petition unsecured claim.

**OR (but NOT both paragraphs)**

☐ **Above Median Income:** Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 60 months in an Above Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of ____ % to each allowed pre-petition unsecured claim.

This provision does not prohibit the Debtor(s) from pre-paying the plan before 36 or 60 months of plan payments.

The length of the Plan will be determined from the time that the first payment under the original confirmed plan was due, which shall be deemed to be the first scheduled Section 341 Meeting of Creditors.

**2.    Effective Date of Plan and Modification of Plan** - The effective date of the plan shall be the date of the confirmation of a plan.

**3.    Filing of Proof of Claim, Allowance and Payment of Claims** - Administrative expenses- Independent appraisals of real estate, as requested by the Debtor(s) herein, shall be paid as an administrative expense pursuant to 11 U.S.C. §503 upon the timely filing of a proof of claim.

**4.    Pre-Confirmation Adequate Protection Payments and Lease Payments** - The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an Order of the Court. The Debtor(s) proposing pre-confirmation payments will immediately commence plan payments to the Trustee by the §341 Meeting of Creditors by cashiers check, money order or certified check. Creditors must file a proof of claim to receive payment. The Trustee is entitled to receive his fees on these payments.

| Name and Address of Creditor * | Property Description | Monthly Payment Amount |
|---|---|---|
|  |  |  |

**Note:** **Adequate Protection Payments should provide an amount to offset any depreciation of the asset. A recommended amount is 1.5% of the amount to be paid in the plan and the amount must be stated in the "Monthly Payment Amount".**

**\*Paragraphs 5(D) or 5(E) must also be completed. If you provide Pre-Confirmation Adequate Protection payments, you must also provide for monthly payments in paragraph 5(D) or 5(E).**

  5.     **Classification of Claims and Sequence of Payments** - Subject to Item 4, all non-mortgage Class 1 payments should be calculated for payment beginning with the month of confirmation, if the Class 1 claim has been filed, otherwise from the month of the filing of the claim. Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court, as follows:

<u>**Class 1:**</u> Scheduled claims for which the plan designates specific monthly payments -

**A. Domestic Support Obligations:**
   **(1) Designate Priority Claims under §507(a)(1)(B)**

   (a)    ☒ None

   (b)    ☐ Trustee disburse       ☐ Debtor disburse

   (c)    The names, addresses and phone number of the holder of ANY domestic support obligation as defined in Section 101(14A) should be filled out below and on Schedule E of the Petition: (including child support, spousal support, debts ordered paid per separation agreement or divorce decree).

| Name | Address, City, State and Zip Code | Telephone Number | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|------|-----------------------------------|------------------|----------------------------------------------------------------------|------------------------|
|      |                                   |                  |                                                                      |                        |

   (d) The Debtor(s) is/are required to pay all post-petition domestic support obligations <u>directly</u> to the holder of the claim and <u>not</u> through the Chapter 13 Trustee.
   (e) If the Debtor(s) become(s) subject to a Domestic Support Obligation during the term of his or her Chapter 13 Plan, the Debtor(s) <u>shall</u> notify their attorney and the Chapter 13 Trustee's Office and by Notice to the Court of the name, address and phone number of the holder of such obligation.

   **(2) Arrearages owed to Domestic Support Obligation holders or governmental units under Section 507(a)(1)(A) and (B):**

   (a)    ☒ None

   (b)    ☐ Trustee disburse       ☐ Debtor disburse

   (c) Name of holder of Domestic Support Obligation Arrearage Claim or assigned to or owed to a governmental unit and estimated arrears should be completed below and on Schedule E of the Petition:

| Name of Creditor | Estimated Arrearage Claim | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|
| | | | |

**B. Regular mortgage payments secured by real estate** should be calculated for payment after confirmation starting the month after the filing of the petition.

**C. Executory Contracts/Leases** (as disclosed on Schedule G)

☒ None

(1) ☐ The Debtor(s) **reject(s)** the following executory contract(s):

### REJECTION OF LEASE(S)

| Name of Creditor | Property subject to executory contract |
|---|---|
| | |

(2) ☐ The Debtor(s) **assume(s)** the executory contract/lease(s) referenced below and provides for the regular contract/lease payment. **The assumption of the executory contract/lease is only as to the regular monthly payments and not the option to purchase which must be exercised pursuant to the Local Bankruptcy Rules and by separate pleading. The Trustee is authorized to only disburse the regular monthly payments and arrearage amount and not the option to purchase amount.**

Any pre-petition arrearage will be cured in monthly payments prior to the expiration of the lease as noted below:

### ASSUMPTION OF LEASE OF MOTOR VEHICLE(S)

| Name of Creditor | Property subject to executory contract/leases | Estimated arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of date of filing | Amount of regular contract payment | Trustee disburse (See LBR 3015-1(d)(2) |
|---|---|---|---|---|---|---|
| | | | | | | |

### ASSUMPTION OF LEASE OF PERSONAL PROPERTY

| Name of Creditor | Property subject to executory contract/leases | Estimated arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of date of filing | Amount of regular contract payment | Debtor disburse (See LBR 3015-1(d)(3) |
|---|---|---|---|---|---|---|
| | | | | | | |

Any Lease Payment will not be paid additional interest.

**D.** **Claims to Which Section 506 Valuation is NOT Applicable ("910" Claims):** Claims listed in this subsection consist of debts secured by a purchase money security interest in a: 1) vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, 2) if the collateral for the debt is personal property and the debt was incurred within 1 year of filing. The Proof of Claim will control as to the amount to be paid on the collateral.

| **Creditor** | **Collateral** | **Purchase Date** | **Estimated Claim Amount** | **Interest Rate** (Item 8 Unless Otherwise Specified) | **Monthly Payment Including Interest** |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**E.** **Claims to Which Section 506 Valuation is Applicable:** Claims listed in this subsection consist of any claims secured by personal property not described in the above plan paragraph:

| **Creditor** | **Collateral** | **Purchase Date** | **Value Amount** | **Interest Rate** (Item 8 Unless Otherwise Specified) | **Monthly Payment Including Interest** |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Note: The personal property shall be valued for purposes of §506(a) of the Code at the lower of the creditor's representation on its Proof of Claim or the Debtor(s)' representation in the above paragraph of the Chapter 13 Plan.**

**NOTE:** If sufficient funds are not available to make a full monthly payment on all the Class 1 claims, the available funds should be distributed to the Class 1 creditors on a pro rata basis based on the unpaid specific monthly payments due through that month's distribution.

**F. Surrender of Collateral and Relief from Stay.** Debtor(s) elect to surrender to the creditor(s) (include all parties that claim an interest in the surrendered real estate; including but not limited to all mortgages; liens; county taxing authorities and their assigns (tax certificates) and any person such as ex-spouse) listed below the personal or real property that is collateral for the claim. Upon confirmation of the Plan, the stay affecting this property shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender. Pursuant to L.B.R. 3001-1(d)(2), the Trustee will NOT pay on this claim to the listed creditors until the creditor files a deficiency claim. The deficiency claim shall be filed no later than 270 days from the date that the Plan is confirmed. If the deficiency claim is filed more than 270 days after the Plan is confirmed, then it shall be disallowed except upon further Order of the Court by the creditor filing timely a Motion to Extend Time or Motion to File Deficiency Claim Out of Time. The personal liability of the Debtor(s) shall be discharged upon completion of the Plan and the entry of Discharge.

| **Name of Creditor** | **Collateral** |
|---|---|
|  |  |

**G. Administrative Claims** such as Attorney's Fees to be paid their monthly payment prior to all other per monthly payments listed in Class 1 (B), (C), (D) and (E) claims. If Class 1 monthly payments and attorney fees' payments (plus the Trustee's fees) exceed the Chapter 13 Plan payment, then attorney fees will be reduced.

**Otherwise, to be paid in monthly amount as set forth below:**

Attorney Fees Requested to be paid by Trustee pursuant to the Application for Allowance of Fees, Form 2016-1, and Allowed by the Court are to be paid pursuant to L.B.R. 2016-1 or as funds are available. The fees listed below MUST match the Application for Allowance of Fees in order to be paid.

**Post-petition approved Attorney Fees** will be paid at the same monthly amount unless otherwise provided for in the Order and after other Class 1 claims. **Creditors - Note that Court approved post-petition Attorney's Fees may affect your payments.**

| Amount Fee Requested | Fee Due in Plan | Monthly Amount (over at least 12 months) |
|---|---|---|
| $3,500.00 | $3,500.00 | $110.00 |

**Class 2:** Secured claims listed on Schedule D for which the plan does not provide specific monthly payments; and, any scheduled claim designated for inclusion in this class. This class may include mortgage arrearages, Certificates of Judgment and secured real estate taxes. The listing of mortgage arrearage is an estimate only and will be paid pursuant to the filed Proof of Claim subject to the claims objection process. **Paid only after Class 1 claims are paid current. If no value is given in this Plan for a Class 2 claim, the value for a Class 2 secured claim is the lower of the claimant's representation on its proof of claim or the Debtor(s)' representation as set forth on "Schedule D - Creditors Holding Secured Claims". L.B.R. 3012-1(a).**

**Class 3:** Priority Claims listed on Schedule E for inclusion in this class. Paid only after Class 2 claims are paid in full.

Section 1322(a) of the Bankruptcy Code provides that all claims entitled and filed as priority under Section 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under Section 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority.

**Class 4:** Reserved

**Class 5:** All other pre-petition claims, including unsecured claims not otherwise part of another class, the under secured portion of secured claims and the non-priority tax claims as set forth in Item 18.
Distributions on the claims in this Class 5 shall be -

(A) Paid after Classes 2 and 3 are paid in full and after Class 1 claims are paid current.

**Class 6:** Post-petition claims will be paid at the Trustee's discretion depending on availability of funds and length of plan.

**Class 7:** Scheduled claims which are to be paid by a non-Debtor(s) and are not to be paid by the Trustee or the Debtor(s).

**Class 8:** Scheduled claims which are not to be paid by the Trustee or the Debtor(s).

**Class 9:** Scheduled claims on which the payments are to be disbursed by the Debtor(s).

6. **Secured Claims (Valuation of Collateral, Interest Rates, Lien Retention and Release, and Surrender of Property)** -

    (A) With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of the claim, or the Debtor(s) propose(s) to surrender the property securing the claim to such holder**, the holder of each allowed secured claim shall retain the lien securing such claim until the secured and unsecured claim is paid**, and shall be paid an amount that is not less than the allowed amount of such claim, plus interest at the rate hereinafter set forth on the unpaid balance of the allowed secured claim.

    (B) The allowed amount of a secured claim shall be the lesser of the value of the property securing the claim or the amount of the allowed claim as of the date of the filing of the petition. The value of personal property securing the claim shall be the value as scheduled by the Debtor(s), unless otherwise ordered.

7. **Unsecured Claims** - Unsecured claims shall be paid in a manner that provides the same treatment for each claim within a particular class.

8. **Interest** -
    (A) The interest rate to be paid on allowed Class 1 and Class 2 secured claims, including pre-petition real estate mortgage arrearages, if appropriate, shall be based on the national prime rate plus the appropriate risk factor of **1.5%** from the date nearest to the approximate date of confirmation of the plan unless otherwise specified in the Plan. The rate will be determined as shown in the *Wall Street Journal* for Money Rates. The actual amount of interest paid will be calculated by the Trustee in the Trustee's reasonable and customary administration procedures.

    (B) Except as provided by subparagraph (D), interest shall not commence on any claim until the later of the allowance of the claim or the effective date of the plan.

    (C) No interest shall be paid on any unsecured claim unless specifically provided for by the plan, **except** as provided by operation of law.

    (D) No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default if the mortgage was entered into after October 22, 1994.

    (E) Paragraph (A) above will not apply to tax claims filed. The interest on tax claims shall be determined by 11 U.S.C. §511(a) as set forth in the creditor's timely filed proof of claim. The interest rate shall be determined under applicable non-bankruptcy law. Any different treatment on the interest rate must be clearly set forth in Special Plan Provisions, Paragraph 19.

9. **Vesting of Property in Debtor(s)** - All property of the estate shall not vest back to the Debtor(s) after confirmation, but shall remain property of the estate until the case is dismissed, discharged or converted unless otherwise stated by Order of the Court.

10. **Sale of Real Estate** - Upon the filing of the appropriate motion and pursuant to Local Bankruptcy Rules, any scheduled real estate may be sold during the life of the plan. Any sale shall be subject to approval of the Court. Mortgages and liens shall be canceled of record upon payment of the mortgages and liens. If the real estate sold is the Debtor(s)' residence a portion of the sale proceeds may be paid to the Debtor(s)' for relocation expenses.

11. **Real Estate Taxes** - Allowed real estate tax claims to be disbursed by the Trustee will be only those real estate taxes due and payable, without penalty, as of the date of the filing of the petition. Real estate taxes payable after the date of the filing of the petition will be disbursed by the Debtor(s).

**MANDATORY FORM PLAN Revised 03/01/2014**

**12.** **Designation and Payment of Special Classified Class of Unsecured Claim** -

> **Below Median Income Case -** If any unsecured consumer debt (i.e. cosigned debt, student loan) is proposed to be paid in whole including contract rate of interest, or in part after the completion of payment of all other unsecured claims, such payment shall not commence until after the payment of the confirmed percent of the general unsecured claims or the completion of 36 months of plan payments, whichever is greater. This debt is to be set forth in Item 19.

**13.** **Trustee Discretion on Distributions** - The Trustee is authorized within his discretion to calculate the amount and timing of distributions as is administratively efficient.

**14.** **Personal injury claims, workers compensation claims, social security claims and miscellaneous claims of the Debtor(s)** - The Debtor(s) shall keep the Trustee informed as to any change in status of any claim for personal injury, workers compensation, social security, buyouts, severance packages, inheritance or any other claim to which Debtor(s) may be entitled. Before the claim can be settled and distributed, the Debtor(s) must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments to increase the dividend for unsecured creditors unless otherwise provided in the motion and order. The Debtor(s)' case will not complete until the claim has been settled and shall remain open for administration purposes until the claim has been paid into the plan or the Court so otherwise orders.

**15.** **Casualty Loss Insurance Proceeds (Substitution of Collateral)** - If a motor vehicle is substantially damaged while there is still an unpaid secured claim which is secured by the vehicle, the Debtor(s) shall have the option, upon the filing of the appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to either repair the vehicle, pay off the balance of the secured claim through the Trustee's Office if the secured creditor is a named loss payee on the policy, with any balance of the proceeds after secured and unsecured claims have been paid, refunded to Debtor(s) up to the exempt amount claimed by the Debtor(s) or to substitute collateral by purchasing a replacement vehicle. If any amount of proceeds exists after paying the secured and unsecured claims and exemption, said proceeds shall be paid into the plan as additional plan payments unless otherwise specified in the Motion and Order to Retain Insurance Proceeds. If a replacement vehicle is purchased the vehicle will have a value not less than the balance of the unpaid secured claim and the lien of the creditor will be transferred to the replacement vehicle and the Trustee will continue to pay the allowed secured claim.

**16.** **Utility Deposits** - The plan provides adequate assurance of payment pursuant to 11 U.S.C. §366. Any utility requiring a security deposit shall forward written notice of the security deposit to the Debtor(s)' counsel. The security deposit demand shall comply with PUCO requirements. The security deposit demand shall be paid as an administrative expense by the Chapter 13 Trustee, through the plan after confirmation and upon the filing of a proof of claim for a security deposit demand by the utility. No utility shall discontinue service to Debtor(s) after filing of the petition for failure of the Debtor(s) to pay a security deposit.

17. **Tax Returns and Refunds  -** If Debtor(s) are required to submit their Internal Revenue Service tax returns and refunds, Debtor(s) shall submit the returns to the Trustee by April $30_{th}$ of each required year and the refunds must be turned over to the Trustee by June $1_{st}$ of each required year. Said refunds shall first be used to satisfy the pre-petition secured and priority claims of the I.R.S. and then as additional plan payments to increase the dividend for unsecured creditors. Any Motions to Use Tax Proceeds shall be filed by June $1_{st}$ or failure to follow these provisions may result in sanctions or dismissal of your case. Said motion shall be considered a modification to the confirmed plan and served accordingly.

18. **PLAN FOR REAL ESTATE**
 **NOTE: If the intent of the Debtor(s) is to file an adversary proceeding to cram down a wholly unsecured junior mortgage, said adversary proceeding SHOULD be filed within thirty (30) days of confirmation and an objection to the Proof of Claim must also be filed to prevent the Trustee from paying on the claim.**

 **(A)** **Mortgage Proof of Claim.** If regular monthly payments to a mortgage creditor are to be disbursed by the trustee, or there is an arrearage as of the petition filing date, the mortgage proof of claim shall include Official Form B10 Mortgage Proof of Claim Attachment.

 **(B)** **Change in Regular Monthly Payments to Mortgage Creditor.** If there is any change in the regular monthly payment, the mortgage creditor shall file with the court Official Form B10 (Supplement 1) Notice of Mortgage Payment Change as a supplement to the proof of claim and serve the Debtor(s), Debtor(s)' attorney and Chapter 13 Trustee no later than twenty-one (21) days prior to the effective date of the change. The form is required whether the security interest is in the Debtor(s)' principal residence or other piece of real property. This form may be found as part of the Local Bankruptcy Rules for the Southern District of Ohio or the Dayton Chapter 13 website: www.dayton13.com. Absent objection, and thirty (30) days after the Notice of Intent to Pay Claim has been served, **the Trustee will modify, if needed to timely complete the Plan, the monthly Chapter 13 plan payment in accordance with the Notice of Mortgage Payment Change or Proof of Claim and Notice of Intent to Pay Claim provided.**

 **(C)** Any assessments, fees, costs, expenses or other monetary amounts, exclusive of principal, interest, taxes and insurance that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge assessed by any creditor against either the Debtor(s) or the real property of the Debtor(s) may be assessed, charged or collected only upon the filing of a "Notice of Post-Petition Mortgage Fees, Expenses and Charges" (Form B10, Supplement 2).The Mortgage Servicer, or Mortgage Claimant, shall perform an annual escrow analysis and shall file yearly a Notice of Payment Change with a copy of the escrow analysis showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B).

 **(D)** No late charges, fees or other monetary amounts shall be assessed on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.

 **(E)** **Valuation of real estate is set at confirmation unless the appraisal is not filed per L.B.R. 3015-3 (e)(3).** The confirmation hearing will include a §506(a) or B.R. 3012 valuation hearing if a creditor disputes the value and objects pursuant to the requirements of the Local Bankruptcy Rules. If no objection is timely filed, the value as set forth in the Chapter 13 Plan and/or filed Appraisal will be binding upon confirmation of the Chapter 13 Plan.

 **(F)** **Mortgage Loan Modifications**
 If a Mortgage Loan Modification has been approved **prior to the filing of the Chapter 13 Petition** by the Mortgage Creditors, the approval documents must be provided to the Trustee at least seven (7) days prior to the Meeting of Creditors. The Loan Modification will control as to the revised numbers. If the Loan Modification is pending, then Local Bankruptcy Rules will control and the mortgage will be paid through the Trustee. If there is an arrearage at the time of the filing of the Chapter13 Petition, then the mortgage will remain being paid through the Trustee's Office even if the subsequent Loan Modification states the arrears will be paid at the end of the mortgage. Forms for the Motion for Loan Modification are found on the Trustee's website at: www.dayton13.com.

 **(G)** **Mortgage Payments Paid Directly by Debtor(s)**
 Regular monthly payments on the following mortgage claims will be paid directly by the Debtor(s) if the mortgage payments are current at the time of the filing of the Petition:

| Creditor | Property Address | Monthly Mortgage Payment |
|---|---|---|

**MANDATORY FORM PLAN Revised 03/01/2014**

| | | |
|---|---|---|
| Fifth Third Bank | 200 Rosser Ave, Clayton, OH 45315 | $975.00 |
| Fifth Third Bank | 200 Rosser Ave, Clayton, OH 43215 | $100.00 |

**(H)** **Mortgage Payments Through the Trustee**
1. Interest will NOT be paid on the mortgage claim unless otherwise noted in Paragraph 19;
2. Arrearages shall be paid as a Class 2 creditor and below is only an estimate as the total amount filed on the Proof of Claim, subject to objections, shall determine the actual arrearages.
3. Any Special Treatment must be addressed in Paragraph 19, "Special Plan Provisions".

| Creditor | Property Address | Residence | Monthly Mtg Payment | If Arrears Total Amount |
|---|---|---|---|---|
| | | ☐ | | |

**(I)** **Liens and/or Mortgages to be Paid as Unsecured Claims.**
The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims. Debtor(s) shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to §1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Debtor(s) has/have standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor(s).

| Creditor | Property Address |
|---|---|
| | |

**(J)** **Liens and/or Mortgages Which May Be Modified.**
Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor(s)' principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of §506 as set forth by Debtor(s) below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | | |

**19. The Special Plan Non-Standard Provisions** listed below, if any, are restricted to those items applicable to **Debtor(s)' particular circumstances.** NOTE: Special Plan Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code or local or national rules of bankruptcy procedures, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or similar matters. Any non-standard provisions are required to be set forth below.

| Special Provisions: |
|---|
| 1. |

MANDATORY FORM PLAN Revised 03/01/2014

**A. Avoiding Lien, Mortgage or Judgments -** Debtor(s) are filing an Adversary Proceeding/ Motion to avoid the mortgage/ judgment lien of Creditor on the property as listed below. Said action should be filed within thirty (30) days of confirmation. Creditor shall release the mortgage/ lien upon completion of the Plan as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History. In the event of failure of the Creditor to execute and deliver the release of the mortgage or lien within thirty (30) days after the plan completion as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History in the instant case, Debtor(s) may present a certified copy of this Court's Order regarding the mortgage or lien to the Office of the County Recorder of the proper county and said document will act as a release with regards to the mortgage or lien.

| Name of Creditor | Description of Property |
|---|---|
|  |  |

**20. Method of Plan Payment** - The Debtor(s) acknowledge(s) they have been informed that the Local Bankruptcy Rules require payments to be **MADE BY WAGE DEDUCTION** unless otherwise authorized by the Trustee at the Meeting of Creditors or ordered by the Court. The Debtor(s) acknowledge they are required to pay the first plan payment **to the Trustee's lockbox by the time of the Meeting of Creditors by Certified Check, Cashier's Check or Money Order** and to continue to pay the proposed plan payments until otherwise ordered by the Court or notified in writing by the Trustee. If the Debtor(s) is/are employed and has sufficient wages, the wage deduction will commence upon Court order. **It is understood by the Debtor(s) that for any pay period when the plan payments are not deducted from the Debtor(s)' wages that the Debtor(s) shall pay the payment to the Trustee at his lockbox by Certified Check, Cashier's Check, or Money Order.**

**Pay Frequency of Debtor(s) for Wage Deductions:**

$ [          ] or [          ] % of the plan payment is to be deducted from the Debtor(s)' wages.

Debtor is paid  ☐ Weekly  ☐ Monthly  ☐ Semi-monthly  ☐ Bi-weekly

$ [          ] or [ 100.00 ] % of the plan payment is to be deducted from the Joint Debtor(s)' wages.

Joint Debtor is paid  ☐ Weekly  ☐ Monthly  ☐ Semi-monthly  ☒ Bi-weekly

**Signature of Debtor(s) (Individual/Joint)**
I declare under penalty of perjury that the information provided in this plan is true and correct.

| **Debtor** | | **Joint Debtor** | |
|---|---|---|---|
| /s/Archie Newsom | | /s/ Becky Newsom | |

Dated:      October 20, 2014                    Dated:      October 20, 2014

**Case Attorney**

/s/ Thomas D Berry

Dated:      October 20, 2014

I declare under penalty of perjury that the information in this Plan is true and correct.